IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )  8:07CR211<br>) |
| v. | )<br>) |
| MAURICE L. COLEMAN SR., | )  MEMORANDUM AND ORDER<br>) |
| Defendant. | )<br>) |

This matter is before the court on defendant's motion to dismiss for violation of his right to a speedy trial, Filing No. 17. The defendant contends that ninety-six days have elapsed on his speedy-trial calculation.

Under the Speedy Trial Act, a federal criminal defendant must be brought to trial within seventy days of his indictment or arraignment (whichever is later). *United States v. Aldaco,* 477 F.3d 1008, 1017 (8th Cir. 2007). Certain delays, however, may be excluded from the seventy-day calculation. *Id.*; 18 U.S.C. §§ 3161 (h)(1)(A)-(J), 3161(H)(2)-(9). After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion. *Id.*; *see* 18 U.S.C. § 3162(a)(2). The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness. *Id.*; 18 U.S.C. § 3162(a)(2).

The time period in which a defendant has a motion pending that has not been heard by the court is excluded in computing the time within which a trial must commence. *Id.*; 18 U.S.C. § 3161(h)(1)(F); *see also* 18 U.S.C. § 3161(h)(1)(J) (noting "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" must be excluded). Moreover, the period from the filing of the motion through the date when the motion was scheduled to be heard is excludable under 18 U.S.C. § 3161(h)(1)(F). *Id.* at 1018. A

notice of change of plea is a motion requiring a hearing and, as a result, the time from the filing of the notice of hearing through the conclusion of the plea hearing is excludable. *See, e.g., United States v. Jenkins,* 92 F.3d 430, 440 (6th Cir. 1996).  The speedy-trial clock does not commence until the day after a defendant's arraignment.  *See United States v. Arrellano-Garcia,* 471 F.3d 897, 899 n.3 (8th Cir. 2006).  The Speedy Trial Act also excludes any period of delay resulting from a continuance granted by a judge at the request of the defendant or his counsel if a district court expressly finds that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(8)(A); *United States v. Lucas,* — F.3d —, —, 2007 WL 2386580, *10 (8th Cir. August 23, 2007).

The court has reviewed the record and finds that, after excludable periods are deducted, defendant's time under the Speedy Trial Act has not expired.[1]  Accordingly, defendant's motion will be denied.

IT IS ORDERED that defendant's motion to dismiss (Filing No. 17) is denied.

DATED this 10th day of October, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] By the court's calculation, only 54 nonexcludable days have elapsed on defendant's speedy trial clock.  The clock commenced on June 29, 2007.  Two days, August 8, 2007, and August 20, 2007, are excluded by reason of pretrial motions filed on those dates.  On August 24, 2007, the defendant notified the court of his intent to enter a plea of guilty.  Filing No. 15.  The time between the date of that oral motion and the hearing thereon, September 27, 2007, is excluded.  At the scheduled plea hearing on September 27, 2007, defendant made an oral motion to file pretrial motions out of time.  The court granted the defendant until October 3, 2007, to file the motions and ordered that the time between September 27, 2007, and October 3, 2007, would be tolled in the interests of justice.  Filing No. 16, Minute Entry.  The filing of the present motion and a motion to suppress, Filing No. 19, on October 3, 2007, tolled the clock again.