IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR211 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MAURICE L. COLEMAN SR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to proceed in forma pauperis,[1] Filing No. 34, and his pro se motion to dismiss, Filing No. 35. Defendant is charged in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846. Defendant's motion to dismiss is premised on an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* ("the Act").

This court denied defendant's earlier motion to dismiss based on allegations of violations of his statutory and Constitutional right to a speedy trial. In its order, the court found the speedy trial clock was tolled from August 24, 2007, to September 27, 2007, by the filing of defendant's oral motion to set a change of plea hearing. In the present motion to dismiss, defendant essentially seeks reconsideration of the court's earlier order. He contends that he did not authorize his attorney to move for the hearing and asserts that he never intended to enter a plea of guilty. He therefore contends that the court erroneously

_____

[1] Because this is a criminal case, the defendant does not need leave of court to proceed in forma pauperis. Accordingly, the motion will be denied as moot. At his initial appearance, counsel was appointed to represent Coleman. On November 30, 2007, the court granted defendant's counsel leave to withdraw. *See* Filing No. 31, Motion; Filing No. 32, Minute Entry. Defendant elected to proceed pro se. *Id.* At the hearing, the court informed the defendant that substitute counsel would be appointed for him on request.

excluded those thirty-three days from the speedy trial computation.  He argues that the speedy trial clock has elapsed and that his case is subject to dismissal if those days are counted.  Coleman also argues that improper actions by the government would justify a dismissal with prejudice.

Under the District of Nebraska's Local Rules, if a defendant decides to change a previously entered "not guilty" plea, the pro se defendant or the defendant's attorney is required to notify the government's attorney and the court as soon as possible.  NECrimR 11.1(a).  Also, the Local Rules provide that, in scheduling a change of plea hearing, "[d]efense counsel shall not contact the court to schedule a change of plea proceeding until (1) a plea agreement has been reached between the government and the defendant, and (2) the defendant has been advised that, by entering a plea of guilty, the defendant waives the constitutional right to a trial by jury." NECrimR 11.1(b).  The defendant's understanding of the constitutional rights involved and the defendant's acceptance of the plea agreement can be conveyed orally to defense counsel and a change of plea hearing can be scheduled before the plea agreement and petition to enter a plea of guilty are signed.  *Id.*

The record, as well as the court's interoffice memoranda, shows that on August 17, 2007, the government represented to the court that defendant intended to enter a plea and that defense counsel orally moved for a change of plea hearing.  The court found in its earlier order that the speedy trial clock had been tolled by this request.  Defendant's trial had been set for August 27, 2007.  The record also shows that defendant was temporarily transferred from custody on two dates in August 2007 for interviews with the government's attorney.  Filing Nos. 12 & 14 (sealed orders).  The court's internal files indicate that on September 20, 2007, the court was informed that the defendant would not change his plea

2

and that he wanted a trial. The scheduled change-of-plea hearing was changed to a status hearing on pending motions and the trial. At the status hearing, the government's attorney stated her intention to file an information pursuant to 21 U.S.C. § 851 that would increase the defendant's mandatory minimum sentence to twenty years because he has another felony drug conviction.

As noted in the court's earlier opinion, under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of his indictment or arraignment (whichever is later), unless time is excluded for reasons set out in the statute. Filing No. 22, Mem. & Order at 1. Time is also excluded under the Act on a motion by the parties or court for a continuance if the court finds that the ends of justice would be served by the continuance and those interests outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(8). If, after a certain number of days are properly excluded from the calculation, the total number of days exceeds seventy, then upon a defendant's motion, the district court <u>must</u> dismiss the indictment. *Id.*

Although the Act mandates a dismissal of the indictment, the trial court retains discretion as to whether the dismissal should be with or without prejudice. *United States v. Dezeler*, 81 F.3d 86, 88 (8th Cir. 1996). In determining whether to dismiss the case with or without prejudice, the court considers, among others things, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of speedy trial guarantees and on the administration of justice. 18 U.S.C. § 3162(a)(2). District courts are encouraged "to take seriously their responsibility to consider the 'impact of a reprosecution on the administration' of justice and of the Act." *United States v. Taylor,* 487

3

U.S. 326, 342 (1988).   A district court should also consider the presence or absence of prejudice to the defendant resulting from the violation of the Act.   *Id.*

Under the statute, there is no presumption in favor of or against either form of dismissal.   *See id.* at 334, and n.8, 341 n.15.   "Although dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays," the Act does not require dismissal with prejudice for every violation.   *Id.*

This court ordinarily and routinely relies on the representations of counsel, who are officers of the court and have an ethical obligation to the court.   Defendant has not shown that the court's reliance on those representations in setting a hearing on defendant's motion was improper.   The timing of events in this case, including the transfers of defendant's custody for interviews that closely preceded his scheduled trial date, lend credence to the assertions by counsel that an agreement was anticipated.   In his affidavit in support of his motion, defendant states that his counsel presented a negotiated plea agreement for his approval on September 21, 2007.   This evidence indicates to the court that at the time the defendant's counsel's oral motion for a change of plea hearing, she was continuing to negotiate the terms of the plea.   Accordingly, the court finds that exclusion of the time between the oral motion to set a plea hearing and the eventual hearing, then regarded as a status conference, is appropriate and there has been no violation of defendant's rights under the Act.

Also, the court finds that even if the court were to grant Coleman's motion, a dismissal without prejudice would be appropriate, permitting the government to file a superseding indictment that would assuredly invoke the enhanced penalty provisions under

4

21 U.S.C. § 851.   Coleman alleges that the government's statements, which he characterizes as "threats," of intent to file an information charging a prior drug offense pursuant to 21 U.S.C. § 851, amount to prosecutorial misconduct that would justify a "with prejudice" dismissal under the Speedy Trial Act.  That filing would subject Coleman to a mandatory minimum sentence of twenty years.  *See* 21 U.S.C. § 841(b)(1)(A).  Coleman claims that the government's threatened filing of the information would be motivated by the government's intent to punish him for refusing to plead guilty and asserting his constitutional right to trial.

The court finds that the defendant's allegations do not amount to the sort of prosecutorial misconduct, akin to vindictive prosecution, that would call for a dismissal with prejudice.  *See United States v. Becerra,* 435 F.3d 931, 936 (8th Cir. 2006).  A prosecutor's discretion to charge is very broad but cannot be based upon vindictiveness or exercised in retaliation for a defendant's exercise of a legal right.  *United States v. Rodgers,* 18 F.3d 1425, 1430 (8th Cir. 1994).   The burden is on the defendant to prove prosecutorial vindictiveness.  *See United States v. Campbell,* 410 F.3d 456, 461 (8th Cir. 2005) (noting that the burden is a heavy one in recognition of the broad discretion that prosecutors have in enforcing criminal statutes).   Moreover, the burden is especially heavy when the additional charges are brought prior to the start of trial.  *See, e.g., Goodwin,* 457 U.S. 368, 381-82 (stating "[at] this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. . . .   A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.").

To carry that burden, Coleman must present objective evidence that the filing of the additional charges would be motivated by a desire to punish him for exercising a legal right. *See id.*; *Campbell,* 410 F.3d at 461.   For example, where a defendant succeeds in obtaining a reversal on appeal and the government brings more serious charges, there is a presumption of vindictiveness that the government must rebut.   *See United States v. Goodwin,* 457 U.S. 368, 376 (1982).   This presumption of vindictiveness does not apply to pretrial decisions by the prosecution because "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution."   *Id.* at 382, 384 (also noting "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so unlikely that a presumption of vindictiveness certainly is not warranted."   In an analogous context, the Supreme Court has explained: "[s]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charges to file or bring before a jury, generally rests in his[/her] discretion."   *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) (holding that threatening to bring otherwise legitimate charges to induce a defendant to accept a plea bargain "no more than openly present[s] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he [is] plainly subject to prosecution").

The court rejects Coleman's argument that the filing of an information, on charges that appear legitimate, somehow suggests the prosecutor's bad faith.  It suggests only that Coleman faces the prospect of losing the advantages that a  negotiated plea would have

given him.  "While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Bordenkircher,* 434 U.S. at 364 *(quoting Chaffin v. Stynchcombe,* 412 U.S. 17, 31 (1973).

The defendant has presented no objective evidence of a vindictive motive on the part of the government in this case.  Accordingly, even if a Speedy Trial Act violation were found, the court would not dismiss this action with prejudice.  The court has considered defendant's other contentions and finds them lacking in merit.  Accordingly,

IT IS ORDERED that:

1.    Defendant's pro se motion to dismiss (Filing No. 35) is denied.

2.    Defendant's motion for leave to proceed in forma pauperis (Filing No. 34) is denied as moot.

DATED this 17th day of December, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge