IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR211 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| MAURICE L. COLEMAN, SR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's Motion under 28 U.S.C. § 2255 to Vacate (Filing No. 101) and the defendant's Motion to Be Heard and for Injunction (Filing No. 110). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In the present case, it is clear from the face of the record that the defendant is not entitled to relief based on the grounds he has stated in his § 2255 motion. Consequently, this court summarily denies the motion.

The defendant, Maurice L. Coleman, Sr., pleaded guilty to Count I of the Information charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Filing No. 86. On June 20, 2008, this court sentenced

Coleman to 60 months' imprisonment and 5 years of supervised release. Filing No. 97 (no hyperlink available). Coleman did not file a direct appeal.

In his § 2255 motion, Coleman raises four separate grounds for vacating his sentence. His first and fourth grounds for relief are based on his contention that because he named Judge Bataillon as a defendant in a civil lawsuit he initiated during his criminal proceedings, this court could no longer lawfully exercise jurisdiction over the Coleman's criminal matters. *See* Civil Case No. 8:07CV455. Coleman, however, never effectuated service of process on Judge Bataillon or any of the other named defendants in his civil lawsuit. *See* 8:07CV455, Filing No. 6. Furthermore, Coleman moved to dismiss the civil action on February 15, 2008 (8:07CV455: Filing No. 5), and Judge Laurie Smith Camp, the presiding judge in the civil case, granted Coleman's request and dismissed the civil action on February 20, 2008. 8:07CV455, Filing No. 7. Coleman did not plead guilty to his criminal charges until March 17, 2008, almost an entire month after he had moved to dismiss his civil lawsuit against Judge Bataillon. Consequently, his argument that Judge Bataillon had a conflict of interest and this court no longer had jurisdiction to hear his criminal case is without merit. This court summarily denies Coleman's first and fourth grounds for relief in his § 2255 motion.

In his second ground for relief, Coleman offers vague and conclusory assertions that his attorneys manipulated him into pleading guilty, and consequently, he did not enter his plea of guilty voluntarily. "However, where the record demonstrates that a factual basis exists for the plea, that at the time of the guilty plea the defendant admitted that it was voluntarily and freely given without promises, and that Federal Rule of Criminal Procedure 11 was given full compliance, the petitioner then faces an uphill climb to overcome the

consequences of the plea." *United States v. Journey*, 474 F.2d 1003 (8th Cir. 1973). When he plead guilty, Coleman testified under oath that he would be entering his guilty plea both knowingly and voluntarily. He cannot, therefore, pursue these issues either on appeal or in the context of a § 2255 motion. The court summarily denies his second ground for relief.

Finally, in his third ground for relief, the defendant argues that the government never arraigned him or formally charged with possession in federal court. These claims are without merit. On June 19, 2007, a federal grand jury returned an indictment charging Coleman with conspiracy to possess with intent to distribute 50 grams or more of a mixture containing crack cocaine. Filing No. 1. The record reflects that on June 28, 2007, the court arraigned the defendant when he made his initial appearance before Magistrate Judge Thomas D. Thalken. Filing No. 4 (no hyperlink available). On March 17, 2008, the government filed an Information, charging defendant with possession with intent to distribute 5 grams or more of a mixture containing crack cocaine, in violation of Title 21 United States Code §§ 841(a)(1) and (b)(1). Filing No. 83. On that same day, the defendant pleaded guilty to Count I of the Information. Filing No. 86. Thus the defendant's claims that the government never arraigned or charged him with possession are without merit and do not constitute proper grounds for vacating his sentence pursuant to § 2255 motion. The court summarily denies the defendant's third ground for relief.

## CONCLUSION

For the aforementioned reasons, the court concludes that under Rule 4(b) the defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The court has completed the initial review of the defendant's Motion under 28 U.S.C. § 2255 to Vacate (Filing No. 101);

2. Upon initial review, the court summarily denies the defendant's claims raised in the § 2255 motion, and the motion (Filing No. 101) is summarily denied.

3. A separate judgment will be issued denying the § 2255 motion.

4. The court dismisses the defendant's Motion to Be Heard and for Injunction (Filing No. 110) as moot.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address (Filing No. 111).

DATED this 30th day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge