IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR211 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MAURICE L. COLEMAN, SR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's pro se "Motion for Downward Departure and/or Deviation from the Imposed United States Sentence and Sentencing Guidelines," Filing No. 121. Coleman seeks a reduction in his sentence because of an adjustment to the crack/powder ratio in the United States Sentencing Guidelines. Mr. Coleman entered a plea of guilty to possession of with intent to distribute more than 5 grams of crack cocaine and was sentenced to the mandatory minimum sentence of 5 years.

This court lacks authority to sentence below the mandatory minimum sentence. *See United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir.2003) (stating that the only authority for court to depart below statutory minimum sentence is in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or when defendant qualifies under safety-valve provision); *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006) (stating that *United States v. Booker*, 543 U.S. 220 (2005), "does not relate to statutorily-imposed sentences"). Further, the record shows that the defendant was afforded the benefit of the crack cocaine amendment in calculating his sentence under

the Guidelines.  *See* Filing No. 86, Plea Agreement at 4 (agreeing to base offense level of 24).

Coleman also asserts that the government has wrongfully refused to file a motion under Fed. R. Crim. P. 35, despite his substantial assistance to the government.  In his plea agreement, the defendant agreed that "[i]f the United States does not file a motion to reduce the Defendant's sentence for the Defendant's cooperation, the Defendant waives the Defendant's right to challenge that decision by any means, no matter how entitled, except upon a substantial threshold showing by the Defendant that any such decision was based upon an unconstitutional motive related to the Defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the Defendant's Sixth Amendment Right to Counsel."  *Id.* at 3.

Coleman also contends that he has not been granted credit for time served before sentencing.  The record shows that Coleman was arrested on a federal warrant on June 21, 2007, and remained incarcerated until January 24, 2008, when he was released on bond.  Filing No. 95, PSR (sealed) at 3.  He was arrested for a second offense DUI on March 10, 2008, but was re-released on bond with special conditions.  *Id.*  He was sentenced in this case and remanded to the custody of the United States Marshal on June 20, 2008.  Filing No. 99, Judgment.

On June 1, 2007, Coleman was charged in Douglas County, Nebraska, state court with leaving the scene of a pedestrian injury accident and was sentenced to 180 days in jail for that offense on October 25, 2007.  He was also charged with assault on June 4, 2007 and that charge was dismissed on October 25, 2007.  *Id.* at 21.  The PSR also shows

that Coleman was charged in state court with possession of crack cocaine but that charge is related to the instant offense and was later dismissed. *Id.* at 26.

Under the Guidelines, the sentencing court must adjust the sentence of a defendant to account for an undischarged term of imprisonment on a related offense that has formed the basis for an increase in his offense level. U.S.S.G. § 5G1.3(b)(1) & (2) (mandating either a credit for time served or concurrent sentences); *United States v. Meyers*, 401 F.3d 959, 962 (8th Cir. 2005). The district court has wide discretion to impose either concurrent or consecutive sentences in unrelated cases. See U.S.S.G. § 5G1.3(c); *United States v. Mathis*, 451 F.3d 939, 940 (8th Cir. 2006); *United States v. Burch*, 406 F.3d 1027, 1030 (8th Cir. 2005) (noting that the choice between applying § 5G1.3 (b) or § 5G1.3 (c) usually turns upon the extent to which the offenses in question are related, and such relatedness inquiries are necessarily fact-sensitive). "The objective is 'to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity.'" *United States v. Atteberry*, 447 F.3d 562, 564 (8th Cir. 2006) (quoting U.S.S.G. § 5G1.3, comment (n.3)).

In his *pro se* complaint, the defendant contends that he has only been granted credit for 91 days of the approximately eight months he served. The court contemplated that Coleman would receive credit for time served on the drug offense or a related state drug charge, but not that he would be credited for time served on unrelated charges. It appears that the Bureau of Prisons has not credited time that Coleman was serving on the unrelated state charges. The court finds no error in that calculation.

To the extent that Coleman challenges the execution of his sentence, a motion under 28 U.S.C. § 2241 must be filed in the district of confinement. *Rumsfeld v. Padila, 542 U.S. 426, 443 (2004)*. Accordingly, the court finds Coleman is not entitled to habeas corpus relief.

IT IS ORDERED that the defendant's "Motion for Downward Departure and/or Deviation from the Imposed United States Sentence and Sentencing Guidelines" (Filing No. 121) is denied.

DATED this 2nd day of April 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4